UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, an employee )
benefit plan, and BRANDON FLINN, DANNY )
JENKINS, GARY ELLIOTT, DON WILLEY, STEVE )
MCDONALD, BRADLEY GRANT, DAVID GILLICK, )
NORMAN MERLO, JAY SCHULTEHENRICH, )
COREY BLACK, and MICHAEL LUTZ Trustees of the )
Greater St. Louis Construction Laborers Welfare Fund, )
and CONSTRUCTION LABORERS PENSION )
TRUST OF GREATER ST. LOUIS, an employee )
benefit plan, and, JEFFREY O'CONNELL, RICHARD ) Case No. 4:16-cv-1375
MCLAUGHLIN, BRANDON FLINN, GARY )
ELLIOTT, DON WILLEY, RICK CASSON, LOU )
GRASSE, WILLIAM LUTH, DOUG WACHSNICHT, )
DAVID GILLICK, JOSEPH LERITZ, JOE )
HOETTE, Trustees of the Construction Laborers )
Pension Trust of Greater St. Louis, and )
ST. LOUIS VACATION FUND – )
VACATION PLAN, an employee benefit plan, and )
GARY ELLIOTT, BRANDON FLINN, DON WILLEY, )
JAY SCHULTEHENRICH, NORMAN MERLO and )
WILLIAM LUTH, Trustees of the St. Louis Vacation )
Fund – Vacation Plan, and AGC-EASTERN )
MISSOURI LABORERS' JOINT TRAINING FUND, )
an employee benefit plan, and PATRICK R. PRYOR, )
DON WILLEY, PERRI PRYOR, GARY ELLIOTT )
RICHARD McGUIRE, BRANDON FLINN, JOHN )
B. MORGAN, PHIL HOCHER, ROBERT J. )
WESOLICH, JOE SCARFINO, CLIFF LAND, )
and JOHN J. SMITH, JR., Trustees of the AGC-Eastern )
Missouri Laborers' Joint Training Fund, and LOCAL )
UNION NOS. 42 and 110, LABORERS )
INTERNATIONAL UNION OF NORTH AMERICA, )
AFL-CIO, labor organizations, )
                                                                                        )
         Plaintiff                                                              )
v.                                                                                    )
                                                                                        )
FITZGERALD CONSTRUCTION, INC.,            )
                                                                                        )
         Defendant.                                                         )

## **COMPLAINT**

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1. Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Robert Flinn, Otto Lindsay, Joseph Tocco, Andrew Orlando, Frederick W. Wolf, John Beckman, Kenneth Karsten, Pete Gass, James Moll, Thomas Davis, John Spencer and Norman Merlo are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2. Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust", is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Joseph Tocco, Robert O'Connell, Jeffrey O'Connell, Frank Grice, Frederick W. Wolf, Jim Doyle, Joseph Beets, Anthony Licari, Donald Grant, Joseph Leritz, Robert Fritz and Jay Schultenhenrich are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21) (A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3.      Plaintiff, St. Louis Vacation Fund – Vacation Plan, hereinafter referred to as "the Vacation Fund", is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Joseph Tocco, Frederick W. Wolf, Robert Flinn, Jay Schultenhenrich, Norman Merlo and William L. Luth are the duly designated and acting Trustees of the Vacation Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4.      Plaintiff, AGC - Eastern Missouri Laborers Joint Training Fund, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs James D. Hanson, Joseph Tocco, Perri Pryor, John Stroup, Frederick W. Wolf, Mark Jones, Norman Crocker, Robert Flinn, John B. Morgan, Paul C. Schnoebelen, Jr., John P. Mulligan, Robert J. Wojehowski, Cliff Land, John J. Smith, Sr., and Gerald W. Hilt are the duly designated and acting Trustees of the Training Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5.      Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union", are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

5. Defendant Fitzgerald Construction, Inc. ("defendant") is a Missouri corporation that conducts business within this judicial district. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

6. This Court has jurisdiction by reason of Sections 502(a)(3), (ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the Union is suing for violation of a contract with defendant.

7. At all times material, defendant was bound by the provisions of the collective bargaining agreement requiring monthly payments to the plaintiff employee benefit funds ("Funds") in specified amounts and the submission of monthly report forms. Said collective bargaining agreement and the plans adopted by the Trustees of the plaintiff employee benefit funds also provide that the Trustees shall be permitted to perform a financial examination of defendant's books and records periodically to insure that payments have been properly made in accordance with the terms of the collective bargaining agreement.

8. Defendant has failed and refused to pay the required contributions and submit the required monthly report forms for the month of April 2016. The exact amount owed by defendant is impossible to determine without an audit.

9. In addition, defendant has failed and refused to submit to an accounting by an independent accounting firm on behalf of the Funds, as required by its collective bargaining agreement.

10. Defendant is required to pay liquidated damages of twenty percent (20%) on delinquent contributions.

11. Plaintiffs are entitled to recover interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

WHEREFORE, plaintiffs pray the Court as follows:

1. For an interlocutory order of accounting requiring defendant to submit its books and records to an accountant selected by plaintiffs to determine the amounts owed to plaintiffs during the period of January 14, 2010 to date;

2. For a judgment against defendant based upon the findings of the financial examination;

3. For an order requiring defendant to make payments in the future to the Funds in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

4. For interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g);

5. For such other and further relief as the Court may consider appropriate under the circumstances.

                                            HAMMOND and SHINNERS, P.C.
                                            7730 Carondelet, Suite 200
                                            St. Louis, Missouri  63l05
                                            (3l4) 727-1015


                                            \_\_\_/S/Sherrie A. Hall_____
                                            SHERRIE A. HALL, Mo. Bar #4307
                                            sahall@hammondshinners.com
                                            Attorneys for Plaintiffs


                                    CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing was mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C.  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C.  20220, this August 26, 2016.


                                      _____/S/Sherrie A. Hall_____
                                      SHERRIE A. HALL, Mo. Bar #4307