UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16 CV 1375 CDP |
| FITZGERALD CONSTRUCTION, INC., | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Local Union Nos. 42 and 110 of the Laborers International Union of North America, AFL-CIO (the "Union") and various of its trust funds and their trustees bring this action under ERISA, 29 U.S.C. § 1145, and the LMRA, 29 U.S.C. § 189, claiming that defendant Fitzgerald Construction, Inc., failed to make contributions to the various funds as it was obligated to do under its Collective Bargaining Agreements (CBAs) with the Union.

After being served with process, Fitzgerald failed to timely answer or otherwise respond to plaintiffs' complaint, and the clerk of court entered default against it. At plaintiffs' request, I ordered Fitzgerald to submit to a financial compliance examination, and plaintiffs' auditor has since provided an examination report to plaintiffs. Plaintiffs now ask me to enter default judgment against Fitzgerald and have submitted affidavits and other evidence – including the

examination report – in support of their request. Plaintiffs have also submitted a proposed judgment. Because the evidence is insufficient to award the requested interest, I will deny the motion for default judgment. I will, however, provide plaintiffs an opportunity to cure this deficiency.

After default has been entered against a defendant, it is deemed to have admitted all well-pleaded factual allegations in the complaint. *See Taylor v. City of Ballwin,* 859 F.2d 1330, 1333 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven to a reasonable degree of certainty. *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001); *Stephenson v. El-Batrawi,* 524 F.3d 907, 916-17 (8th Cir. 2008). Evidence and supporting documents must provide a basis for the amount of damages sought by plaintiffs and awarded by the Court. *Stephenson*, 524 F.3d at 917.

When entering judgment in favor of a benefits plan under 29 U.S.C. § 1132, I must award the plan:

    **(A)**    the unpaid contributions,

    **(B)**    interest on the unpaid contributions,

    **(C)**    an amount equal to the greater of--

        **(i)**    interest on the unpaid contributions, or

        **(ii)**    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage

>    as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)** such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). "[I]interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." *Id.*

In its motion and proposed judgment, plaintiffs seek to recover from Fitzgerald $4635.09 in unpaid contributions from April 2013 through December 2015; $546.74 in interest; $1197.91 in liquidated damages; $1641.50 in attorneys' fees; $232.03 in costs; and $735 in payroll examination fees. The total amount of judgment plaintiffs seek is $8988.27.

<u>Delinquent Contributions and Liquidated Damages</u>

Plaintiffs submitted the affidavit of John Massa of the accounting firm that conducted the payroll examination of Fitzgerald from the period of January 1, 2013, through December 31, 2015. Attached to Massa's affidavit are the firm's calculations of Fitzgerald's unpaid fringe benefit contributions based on the under-reporting and over-reporting of reportable hours, as well as calculations of related liquidated damages and interest. My review of these calculations shows that Fitzgerald under-reported a number of hours that resulted in delinquent

- 3 -

contributions totaling $5989.55. (ECF #14-3 at p. 10.) After crediting $1354.46 in contributions for over-reported hours, plaintiffs seek unpaid contributions in the amount of $4635.09. This amount of unpaid contributions is supported by the affidavits and evidence submitted in the case.

Plaintiffs also seek $1197.91 in liquidated damages on the unpaid contributions. This amount equals 20 percent of the $5989.55 in delinquent contributions, without taking into account the credit of $1354.46 for overpayments. When measured against the net amount of unpaid contributions that plaintiffs seek to recover in this action – that is, $4635.09 – the amount of liquidated damages plaintiffs request equals 25.84 percent. Under § 1132(g)(2)(C)(ii), I must award liquidated damages as provided under the CBAs,[1] but the award cannot be greater than 20 percent of the amount of unpaid contributions I award under § 1132(g)(2)(A).[2] Because I will award plaintiffs unpaid contributions in their requested amount of $4635.09, they are entitled to 20 percent of that amount – that is, $927.02 – in liquidated damages.

Interest on Unpaid Contributions

Section 1132(g) provides that the rates applicable to interest on unpaid

---

[1] The CBAs in this case provide for liquidated damages in a suit to recover unpaid contributions. (ECF #6-3, Mar. 2009-Mar. 2014 CBA at p. 13; ECF #6-4, May 2014-Apr. 2019 CBA at p. 14.)

[2] Plaintiffs do not argue, and the submitted evidence does not show, that Federal or State law permits a higher percentage.

contributions are determined by using the rate provided under the plan, or, if none, the rate prescribed under 26 U.S.C. § 6621. While the CBAs provide for interest,[3] they do not provide a formula for the calculation of interest. Accordingly, 26 U.S.C. § 6621 governs. Section 6621 is the section of the Internal Revenue Code used to calculate interest applied to overpayments and underpayments of taxes, providing various interest rate formulas for this purpose.

The evidence submitted with plaintiffs' motion for default judgment states only that "default values" at "commercial rates" were used in the auditor's calculations and that there was "no interest . . . on over-reported items." (ECF #14-3 at p. 10.) These cryptic notations do not identify how interest was calculated on the unpaid contributions or at what rate(s). With this insufficient evidence, I am unable to determine whether interest was calculated in accordance with 26 U.S.C. § 6621. I therefore cannot require Fitzgerald to pay the amount of interest as requested by plaintiffs in their motion and proposed judgment. I will direct plaintiffs to submit a proposed judgment with proof that the interest rates applied are in accordance with those determined by the Secretary of the Treasury under 26 U.S.C. § 6621.

---

[3] ECF #6-3, Mar. 2009-Mar. 2014 CBA at p. 13; ECF #6-4, May 2014-Apr. 2019 CBA at p. 14.

Attorneys' Fees and Costs

Plaintiffs also seek judgment against Fitzgerald in the amount of $1873.53 in attorneys' fees and costs. Plaintiffs have submitted the affidavit of attorney Janine M. Martin, who attests to the applicable billing rates, the details of the work performed, and the time expended, resulting in legal fees totaling $1641.50. Martin also attests to the details of the costs plaintiffs seek to recover in this action, totaling $232.03.[4] Plaintiffs are entitled to attorneys' fees and costs against Fitzgerald under 29 U.S.C. § 1132(g)(2)(D), and they have adequately proven the amount of fees and costs they seek to recover in this action. Because the requested fees and costs are reasonable, they will be awarded to plaintiffs.

Accounting Fees

Finally, plaintiffs seek to recover accounting fees from Fitzgerald in the amount of $735 and have submitted the affidavit of John Massa who attests that his firm billed plaintiffs this amount for the financial examination. I find this cost to be reasonable and appropriate in the circumstances of this case and supported by the evidence. Because the CBAs provide for Fitzgerald to bear audit costs,[5] I will award plaintiffs this cost in the final judgment.

---

[4] Although plaintiffs incurred a $400 filing fee, Martin attests that plaintiffs seek to recover only $232.03 in costs, which represents the costs of a special process server. (ECF #14-1, Martin Affid.)

[5] ECF #6-3, Mar. 2009-Mar. 2014 CBA at p. 13; ECF #6-4, May 2014-Apr. 2019 CBA at p. 14.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Default Judgment [14] is denied without prejudice.

**IT IS FURTHER ORDERED** that no later than **June 30, 2017**, plaintiffs shall resubmit their motion for default judgment, with appropriate evidence and affidavits in support – particularly regarding the amount of interest requested and the manner by which interest was calculated. Plaintiffs shall also submit a proposed judgment for my consideration.

After review of this resubmitted evidence, I will determine whether a hearing is necessary on the motion.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2017.